ORIGINAL

Jesse Mitchell
2150 N. Sierra Way
San Bernardino, CA 92405
714-822-5969

2011 FEB 22 PM 2:47

CLE...
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT    BY FAX

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'11 CV 0365 MMA NLS

| | |
|---|---|
| JESSE MITCHELL, | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| -v- | Truth in Lending, FDCPA, |
| ZOLA INVESTMENTS TWO, LLC, | Quiet Title, |
| WELLS FARGO BANK, N.A., | Unconscionable Contract, |
| FIRST AMERICAN TITLE INSURANCE CO. | Breach of Fiduciary Duty, |
| GRUBB & ELLIS COMPANY | Civil Conspiracy, |
| STANBERY DEVELOPMENT, LLC | Cal. Bus. & Prof. Code §17200 et seq., |
| JON MEYER, INDIVIDUAL | Failure to Disclose (Cal. Bus. & |
| FARMER'S INSURANCE GROUP | Prof. Code §§ 10240, 10241, 10245) |
| JOHN & JANE DOES 1 THROUGH 20, INCLUSIVE, | [Injunctive Relief Requested] |
| Defendants. | [Supplemental State Claims] |

I, JESSE MITCHELL, declare:

**Preliminary Statement:**

In this Complaint, allegations marked (*) are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

1. Defendants violated and impaired Plaintiff's Constitutional rights, statutory and common law rights to own property.

- 1 -
VERIFIED COMPLAINT

2. This action is an action for damages and equitable relief, including compensatory damages, punitive damages and costs, to quiet the title to Plaintiff's property, to redress violation of the Plaintiff's constitutional and statutorily protected rights, state statutory and common law rights.

3. Plaintiff seeks cancellation of the loan agreement, cancellation of the Promissory Note and Deed of Trust, cancellation of the foreclosure proceedings, restoration of title to the property in Plaintiff's name, restitution of all money, including loan fees, paid by Plaintiff, restitution of all closing costs paid by Plaintiff for said loan, and other equitable relief as this Court deems proper.

**Jurisdiction and Venue**

4. Jurisdiction is under including but limited to 28 U.S.C. 1331 (Federal Question), 28 U.S.C. 1332 (Diversity). Plaintiff and Defendants are citizens of different States. The value in controversy exceeds $75,000.00. The Plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. 1367.

5. Venue for this action lies in this district since:

(a) Defendants are subject to personal jurisdiction of the State of California and have sufficient contacts with this district under 28 U.S.C. 1391 (b)(2).

(b) Substantial acts and omissions in this action occurred in this district under 28 U.S.C. 1391 (b) (2) and/or (c).

6. This matter is properly filed in this District. The claims arose in this District and Defendants reside and/or do business in this District.

**Parties**

7. Plaintiff is a citizen of United States, resident of California.

8. The following statements about Defendants are made upon information and belief.

9. Defendant ZOLA INVESTMENTS TWO, LLC, a CALIFORNIA LIMITED LIABILITY COMPANY ("ZOLA") and can be served with process via its registered agent, ANTHONY THEOPOLIS, at One California Street Ste. 300, San Francisco, CA 94111.

10. Defendant STANBERY DEVELOPMENT, LLC, a OHIO DOMESTIC LIMITED LIABILITY COMPANY ("STANBERY") and can be served with process via its registered agent, PAUL JONATHAN MEYER, at 250 East Broad Street, Suite 2000, Columbus, OH 43215.

11. Defendant WELLS FARGO BANK N.A. ("Wells Fargo") is a CALIFORNIA CORPORATION with a jurisdiction of United States office at and can be served with process via its registered agent, Corporation Service Company which will do business in California as CSC-Lawyers Incorporating, at 2730 Gateway Oaks Dr. Ste. 100, Sacramento, CA 95833.

12. Defendant FIRST AMERICAN TITLE INSURANCE COMPANY is listed with the CALIFORNIA DEPARTMENT OF INSURANCE and can be served with process via its registered agent, Timothy Kemp, at 1 First American Way, Santa Ana, CA 92707.

13. Defendant GRUBB & ELLIS COMPANY is a DELAWARE CORPORATION, filed in the State of California as foreign entity and can be served with process via its registered agent, National Registered Agents, Inc., at 2875 Michelle Drive, Ste. 100, Irvine CA 92606.

14. A letter from Defendant ZOLA INVESTMENTS TWO, LLC, dated 6/29/2010, shows Defendant JON MEYER as Vice President of that company. Defendant also represented himself as an officer of STANBERY DEVELOPMENT, LLC and can be served at his place of business 250 East Broad Street, Suite 2000, Columbus, OH 43215.

15. Defendant FARMER'S INSURANCE GROUP is a wholly owned by Zurich Financial Services and can be served at its offices located at 4680 Wilshire Blvd Los Angeles, CA 90010.

16. The "Mortgage Loan Disclosure Statement (Borrower)" stated that "The loan will not be made wholly or in part from broker-controlled funds as defined in Section 10241(j) of the Business and Professions Code."

17. (*) The loan was made wholly or in part from broker-controlled funds as defined in Section 10241(j) of the Business and Professions Code.

18. (*) Plaintiff is unaware of the true names and capacities of defendants DOES 1 THROUGH 16, INCLUSIVE. Upon information and belief, each fictitious defendant was in some way responsible for the matters and things complained of herein, and in some fashion has legal responsibility therefore. When the exact nature and identity of each fictitious defendant's responsibility for the matters and things herein alleged is ascertained by the Plaintiff, he will seek leave to amend this complaint and all proceedings herein to set forth the same.

19. (*) At all times herein mentioned, each of the defendants were the officers, directors, agents or employees of one or more of their co-defendants and that in doing the things alleged in this complaint were acting within the course and scope of such capacity, with the permission and consent of their co-defendants, and each of them.

### Factual Allegations:

All the following allegations are intended to be "without limitation" and will be supplemented by other facts to be found in discovery.

20. Plaintiff was and is the owner of the property at **2150 N. Sierra Way, San Bernardino, CA 92405** (hereafter "the Property"), legally described in the attached Exhibit A.

21. Plaintiff is, and has been, in continuous possession of the Property.

22. Plaintiff has the right to possession of the Property.

23. Plaintiff did not make a forcible entry into the Property.

- 4 -
VERIFIED COMPLAINT

24. Plaintiff is not unlawfully holding the possession of the Property by force.

25. Plaintiff has never sold the Property.

26. On March 5, 2003, Plaintiff entered into a consumer mortgage transaction, Loan No. 6109180402 ("Loan"), with Defendant WELLS FARGO BANK N.A., A CALIFORNIA CORPORATION, jurisdiction United States ("Lender"), in the amount of $825,000.00.

27. (*) WELLS FARGO BANK N.A. is a "creditor" as defined in the Truth In Lending Act, 15 U.S.C. section 1602(f). WELLS FARGO BANK N.A. regularly extends consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required.

***THE DEED OF TRUST***

28. (*) Defendant ZOLA INVESTMENTS TWO, LLC did not lend Plaintiff any money.

29. (*) Defendants did not lend Plaintiff any money.

30. A DEED OF TRUST WITH ABSOLUTE ASSIGNMENT for the Loan, dated February 4, 2008, naming Defendant WELLS FARGO BANK N.A. as Trustee and Defendant ZOLA INVESTMENTS TWO, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY as beneficiary, was notarized on February 4, 2008, and recorded on February 4, 2008 as Doc #2008-0049679.

31. The Deed of Trust is boilerplate ("18. If the security under this Deed of Trust is a condominium or a community apartment... 19. If the security for this Deed of Trust is a leasehold estate...")

32. At the closing session, WELLS FARGO BANK, N.A. failed to give to the Plaintiff all material disclosures required by the Truth in Lending Act and by other applicable law, including but not limited to, two copies of Notice of Right to Cancel.

33. (*) Upon information and belief, the loan has been negotiated to some other party.

34. It was a 7.585 percent loan, payable at, $6,142.36 per month, with a balloon payment of $825,000.00 in twenty years.

35. There was optional compounding of interest "[a]t the option of the Beneficiary" if "any payment should be insufficient to pay the interest then due," or if "any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan."

36. The Deed of Trust doesn't say what the consideration is. On its face, it says that Plaintiff deeded his land to Defendants in trust, yet Defendants offered nothing to Plaintiff.

37. (*) The contract is unconscionable. It could not end any other way than default. The more sophisticated Defendants knew that Plaintiff would be unable to repay the loan.

38. Defendants made material misrepresentations that influenced Plaintiff to enter into real estate transactions that he otherwise would not have taken part in. Without limitation:

39. The Lender advertised and represented the transaction as a mortgage.

40. However, the transaction was not a mortgage.

41. The Lender advertised and represented the transaction as a loan.

42. (*) However, the transaction was not a loan but an exchange of one negotiable instrument for another, of equal value, with interest being charged on one side but not the other.

43. The Lender fraudulently induced Plaintiff to sign documents purporting to be a mortgage and loan application when in fact, the documents were a conveyance, an escrow agreement, and a negotiable instrument.

44. As such, Plaintiff was no longer afforded the protections under a mortgage.

45. The Lender represented that Plaintiff would continue to be the property owner; however, the documents convey ownership of the property at closing, making Plaintiff a tenant instead of a property owner.

46. (*) The Lender risked no capital but charged the same interest as if it had risked capital.

47. (*) The Lender did not lend its assets.

48. The Lender drafted a key document, titled Deed of Trust. The legal nature and implications of this document are not understood by the majority of attorneys.

49. This document refers to a Grantor, Trustee and Beneficiary, as if it were a document that created a genuine trust; however, the purported Trust is not a trust governed by the traditional body of trust law.

50. The purported Grantor did not select the Trustee, did not qualify the Trustee, did not trust the Trustee and had never heard of the Trustee. The only function of the purported Trustee was to sell the property in the event of default. The purported Trustee was a corporation consisting of the same people as the Beneficiary, and was not a true Trustee.

51. Defendant knew of the falsity of the representations, or was recklessly ignorant of their truth.

**THE NOTICE OF DEFAULT AND ELECTION TO SELL**

52. On August 2, 2010 FIRST AMERICAN TITLE INSURANCE COMPANY, as agent of "WELLS FARGO BANK, N.A., 388 Palos Verdes Drive West, Palos Verdes Estates, CA 90274," recorded a NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST (Trustee Sale No. 445418), as Instrument No. unknown.

53. That Notice did not allege any specific default, but alleged that "This amount is $150,734.50."

54. That Notice identified the original Trustee and Beneficiary but did not identify the present Trustee or Beneficiary.

55. That Notice was signed by "David Z. Bark, Foreclosure Trustee" for "First American Title Insurance Company, Trustee By: as agent."

56. (*) David Z. Bark was not authorized to sign that Notice.

57. The Notice of Default was false. There was no default because the loan had been rescinded.

58. Plaintiff also contends never missing a payment on the original loan through Defendant WELLS FARGO BANK, N.A. that defendant WELLS FARGO BANK, N.A. fraudulently deeded over the loan to defendant ZOLA INVESTMENTS TWO, LLC who proceeded to illegally foreclose on Plaintiff who was never in default of the loan agreement with Defendant WELLS FARGO BANK, N.A.

59. (*) Service of that Notice was defective.

**First Cause of Action – Truth in Lending Act (15 U.S.C. 1601 et seq.)**

**(Against All Defendants)**

For his first claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges:

60. Upon information and belief, at all times relevant to this action, the Lender regularly extended and offered to extend consumer credit subject to a finance charge or which, by written agreement, is payable in more than four installments (not including a down-payment) and offered services in support thereof.

61. The Lender is the person to whom the debt arising from the consumer credit transaction was initially payable on the face of the evidence of indebtedness.

62. This was a consumer credit transaction in which a security interest was acquired in property.

63. Defendant ZOLA INVESTMENTS TWO, LLC fraudulently paid back owed taxes that plaintiff owed on the commercial property in question despite the plaintiff already having payment

- 8 -
VERIFIED COMPLAINT

arrangements with the County of San Bernardino. Defendant ZOLA INVESTMENTS TWO, LLC then proceeded to illegally foreclose on Plaintiff claiming a default that did not exist with said defendant. Defendant WELLS FARGO BANK, N.A. also participated by hiring FIRST AMERICAN TITLE INSURANCE CO. to carry out this fraudulent foreclosure when no default existed.

64. 15 U.S.C. 1635(a) states:

> [I]n the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property **which is used as the principal commercial property** of the person to whom credit is extended, the obligor shall have the right to rescind the transaction ...

65. This exception violates the Equal Protection Clause and is unconstitutional as applied. Not only does it deny equal protection to borrowers who secure their loans with bare land that is afforded to borrowers who secure their loans with their principal dwellings, but it discriminates on the basis of race and national origin, because relatively few nonwhites and foreign-born Americans own their homes. Upon information and belief, Congress and the Lender intended to discriminate.

66. Plaintiff is African American. Plaintiff's national origin is United States.

67. There is no rational basis for the exception. A man who needs money, and borrows against his bare land, needs and deserves consumer protection just as much as a man who needs money and borrows against his principal dwelling.

68. Therefore, Plaintiff has the same right to rescind as if the transaction of his principal commercial property.

69. This Complaint constitutes Notice of Rescission to all Defendants. I WISH TO CANCEL.

70. Defendants are required by law to return "any money or property that has been given to anyone in connection with the transaction" referred to in 15 U.S.C. 1635(b) and 12 C.F.R. 226.23(d)(2), and to release the security interest.

71. Defendant WELLS FARGO BANK, N.A. is required by law to return "any money or property that has been given to anyone in connection with the transaction" referred to in 15 U.S.C. 1635(b) and 12 C.F.R. 226.23(d) (2), and to release the security interest, within 20 days.

72. Defendant WELLS FARGO BANK, N.A. failed to return any money or property and failed to release the security interest.

### Second Cause of Action - FDCPA
### (Against Defendant ZOLA INVESTMENTS TWO, LLC LIMITED LIABILITY COMPANY)

For his second claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges upon information and belief:

73. Defendant ZOLA INVESTMENTS TWO, LLC is a "debt collector" under 15 U.S.C. § 1692(c) (6).

74. (*) Defendant ZOLA INVESTMENTS TWO, LLC used false, deceptive, and misleading representation and means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e. Defendant ZOLA INVESTMENTS TWO, LLC falsely represented that there is a true Trust. The false statements referred to in paragraphs 30 and 32 above, which were made in connection with the creation of the alleged debt, were also made in connection with the collection of the alleged debt, because the collection is connected to the creation.

75. Defendant ZOLA INVESTMENTS TWO, LLC used unfair and unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f, including but not limited to:

76. There is no valid debt because of the rescission; instead, "the creditor" is supposed to tender within 20 days of the rescission, and then Plaintiffs are supposed to tender. There is no valid debt because Defendant ZOLA INVESTMENTS TWO, LLC is not, and does not represent, owner and

holder of any Promissory Note. There is no valid debt because of fraudulent misrepresentation. The FDCPA applies when there is no valid debt.

77. As a result of Defendant ZOLA INVESTMENTS TWO, LLC's wrongful actions, Plaintiff faces a wrongful foreclosure of his commercial property, and otherwise suffered actual and consequential damages exceeding $75,000.00 to be determined at trial.

78. Defendant JON MEYER who refers to himself as Vice President of ZOLA INVESTMENTS TWO, LLC represented to Plaintiff that they received insurance proceeds from Plaintiff's commercial insurer FARMER'S INSURANCE GROUP who Plaintiff had put in a claim after vandalism and damage to the roof in which the property sustained various damage and water damage. Defendant ZOLA INVESTMENTS TWO, LLC never applied the repair money to the damage of the commercial property owned by Plaintiff and refused to turn over the monies to repair the damage, causing the Plaintiff to lose significant business.

79. Defendant JON MEYER through various letters and phone calls purported that Plaintiff was only in default on his property taxes and had judgments that could adversely affect his loan and proceeded without Plaintiff's permission to pay the back taxes and sent the loan fraudulently into default that never existed.

80. Defendant ZOLA INVESTMENTS TWO, LLC's also hired commercial brokerage and Defendant GRUBB & ELLIS COMPANY to illegally remove the plaintiff based on their fraudulent foreclosure proceedings. Plaintiff is legally in possession of his property but Defendant GRUBB & ELLIS COMPANY continue to put up signage and illegally trespass on his premises without his said permission.

### Third Cause of Action - Quiet Title

### (Against Corporate Defendants)

For his third claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges upon information and belief:

81. At all times relevant to this Complaint, Plaintiff was and is in possession and has been in continuous possession of the Property.

82. Plaintiff has superior and legal title to the Property, and other interest in the Property.

83. At all times relevant to this Complaint, Plaintiff was and is the owner of the Property.

84. At all times relevant to this Complaint, Plaintiff was and is entitled to such ownership and use without interference by Defendant.

85. Defendant's claims to any right, title or interest in the property are false and without merit.

86. (*) Defendants are not the owners or holders of any promissory note encumbering the Property.

87. Plaintiff bring this suit against Defendant who claims an adverse interest or estate in the Property for the purpose of determining such conflicting or adverse claim(s), interest(s) or estate(s), as of the date this Complaint was filed.

88. Plaintiff seeks rescission of the loan, Judgment, Order and Decree quieting title to the Property in Plaintiff, and such further equitable relief as the Court deems proper.

### Fourth Cause of Action – Unconscionable Contract

### (Against All Defendants)

For his fourth claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges:

89. The contract is unconscionable. It could not end any other way than default. The more sophisticated Defendants knew that Plaintiff would be unable to repay the loan.

90. The consideration offered is lacking or is so obviously inadequate that to enforce the contract would be unfair to the party seeking to escape the contract.

91. The contract was one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other.

92. Defendants took advantage of their superior bargaining power; Plaintiff's lack of financial sophistication and Plaintiff's ability to read legalese, to insert provisions that made the agreement overwhelmingly favor the Defendants' interests.

93. There was a problem both with the substance of the contract and with the process through which that contract was formed.

94. The substantive problems include the consideration, the terms, interest payments, and other obligations.

95. Defendants vastly inflated the price of the alleged loan and broker commission. This inflation was conducted in a way that conceals from the buyer the total cost for which the buyer will be liable.

96. Procedural issues include Plaintiff's lack of choice and Defendant's superior bargaining position and knowledge.

97. Defendants took advantage of Plaintiff's lack of understanding of negative amortization.

98. Defendants typically engage in sophisticated business transactions.

99. Defendants inserted boilerplate language into a contract containing terms unlikely to be understood or appreciated by the average person.

100. Defendants used incomprehensible or legalistic fine-print standard form contract provisions

101. Defendants switched contract documents at the last moment.

102. Defendant's pressured signature on a contract before Plaintiff could read it.

103. Defendants rushed the signing at a time when the Plaintiff was vulnerable.

104. (*) Defendants purposefully illegally targeted Plaintiff. There are many other examples of similar contracts being offered by Defendants, most of which ended in foreclosure. Defendants have a pattern and practice of making loans that borrowers and selling those notes to private investors who turn around and proceed with defaults that are illegal and fraudulent. Defendants have a pattern and practice of recording foreclosure documents without recording the original Deed of Trust.

### Fifth Cause of Action – Breach of Fiduciary Duty

### (Against All Defendants)

For his fifth claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges:

105. The Lender and Plaintiff entered into an escrow agreement, disguised as a mortgage.

106. As a consequence of this escrow agreement, Defendants owed a fiduciary duty to Plaintiff.[1]

107. Defendants breached their fiduciary duty.

### Sixth Cause of Action – Civil Conspiracy

### (Against All Defendants)

For his sixth claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges:

108. Defendants conspired and agreed to implement a scheme to defraud and victimize Plaintiff through the predatory lending practices and other unlawful acts alleged herein.

---

[1] An escrow agent serves a neutral depository for the monies and documents involved in a real estate deal. TRW Title Ins. Co. v. Sec. Union Title Ins. Co., 153 F.3d 822, 829 (7th Cir. 1998). The fiduciary duties owing a principal by an escrow agent are defined by the escrow instructions, which the agent is obliged to follow strictly. D. Jean Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1350 (9th Cir. 1988). The legal relationship between the parties to the real estate deal and the escrowee is detailed in the closing escrow agreement in which the parties give the escrowee specific written instructions on how the transaction is to be done– the escrowee is accountable to and acts for the mutual benefit of all parties to the deal. TRW Title Ins. Co., at 829.

109. (*) Defendants did the acts and things alleged herein pursuant to and in furtherance of their conspiracy to defraud and victimize Plaintiff.

110. (*) Defendants sued herein under fictitious names committed acts in furtherance of the conspiracy, and/or lent aid and encouragement to their co-conspirators and/or ratified and adopted the acts of their co-conspirators, and are thus jointly and severally liable for all harm to Plaintiff resulting from the conspiracy.

111. As the direct and proximate result of Defendants' conspiracy to defraud and victimize Plaintiff, Plaintiff has suffered damages, including, but not limited to, direct monetary loss, consequential damages, and emotional distress.

112. In conspiring to defraud and victimize Plaintiff, and in committing the wrongful acts alleged herein, Defendants acted with malice, oppression, and fraud, thus justifying an award of exemplary damages in an amount sufficient to punish their wrongful conduct and deter such misconduct in the future.

**Seventh Cause of Action – Cal. Bus. & Prof. Code §17200 (Unfair Business Practices)**

**(Against All Defendants)**

For his seventh claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges:

113. Defendants committed unlawful, unfair, and/or fraudulent business practices, as defined by California Business and Professions Code section 17200, by engaging in the unlawful, unfair, and fraudulent business practices alleged herein.

114. As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

115. Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

116. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

### Eighth Cause of Action – Failure to Disclose

(Cal. Bus. & Prof. §§ 10240, 10241, 10245)

(Against Defendant ZOLA INVESTMENTS TWO, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,

Defendant JON MEYER)

For his eighth claim for relief, Plaintiff re-alleges and incorporates the above paragraphs and further alleges:

117. Defendant JON MEYER is a real estate broker who solicits or negotiates loans on behalf of borrowers or lenders to be secured directly or collaterally by liens on real property.

118. Defendant JON MEYER acted as a principal, employee or agent of Defendant ZOLA INVESTMENTS TWO, LLC A CALIFORNIA LIMITED LIABILITY COMPANY, which is responsible for his actions.

119. Defendant JON MEYER defrauded Plaintiff via phone conversations and through letters and emails.

### Prayer for Relief:

120. Plaintiff prays this honorable Court take jurisdiction of this case.

121. Plaintiff prays for Decrees and Judgments as follows:

122. Enjoin, immediately, Defendant, its officers, employees, agents, and associates, during the pendency of this action, and permanently thereafter, from recording any deeds or mortgages

regarding the Property; from selling, assigning or transferring mortgages, trust deeds or obligations relating to the Property; from completing eviction proceedings against Plaintiff; or from otherwise taking any steps to deprive Plaintiff of ownership or enjoyment of the Property.

123. Set aside the foreclosure sale.

124. Declaratory judgment that Plaintiff has clear title to the property, free from any encumbrances by Defendant, and that Defendant has no valid security interest in Plaintiff's property, or in the alternative, reformation of the contract.

125. On Plaintiff's First Claim (TILA) and Plaintiff's Fourth Claim (Unconscionable Contract): enforcement of the rescission, punitive damages, actual damages and costs, against Defendant, and declaratory judgment that Defendant has no valid security interest in Plaintiff's property;

126. On Plaintiff's Second Claim (FDCPA): a Judgment and Decree for $1,000.00 per violation, punitive damages, actual damages and costs, against Defendant WELLS FARGO BANK N.A. AND ZOLA INVESTMENTS TWO, LLC.

127. On Plaintiff's Third Claim (Quiet Title):

    (A) a Judgment and Decree quieting title in favor of Plaintiff;

    (B) Order Defendant to rescind and cancel the contract in its entirety; or in the alternative, money judgment in an amount sufficient to retire the contract;

    (C) Order Defendant to take all action necessary to terminate any security in the Property created under the transaction;

    (D) Declare all such security void, including but not limited to the aforementioned deed of trust.

128. On Plaintiff's Fifth Claim (Breach of Fiduciary Duty), Plaintiff's Sixth Claim (Civil Conspiracy), Plaintiff's Seventh Claim (Cal. Bus. & Prof. Code §17200 (Unfair Business Practices)),

and Plaintiff's Eighth Claim (Cal. Bus. & Prof. §§ 10240, 10241, 10245 (Failure to Disclose)): such relief as the Court deems just and proper.

129. Such other relief as the Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S.C. 1746.

Executed by: _____  DATED: 2/21/2011
Jesse Mitchell, Plaintiff
2150 N. Sierra Way
San Bernardino, CA 92405

**ORIGINAL**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JESSE MITCHELL, IN PRO PER

**DEFENDANTS**
ZOLA INVESTMENTS TWO, LLC, WELLS FARGO BANK, N.A., FIRST AMERICAN TITLE INSURANCE CO., GRUBB &

(b) County of Residence of First Listed Plaintiff **SAN BERNARDINO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SAN BERNARDINO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
IN PRO PER: 2150 N. SIERRA WAY
SAN BERNARDINO CA 92405 (714) 822-5969

Attorneys (If Known)
**11CV0365 MMA NLS FAX**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ |
| Citizen of Another State | ☐ | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28:1331 -TB**
Brief description of cause: **DIVERSITY**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **75,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE **IN PRO PER**
DOCKET NUMBER **UDDS1006637**

DATE **2/21/2011**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # **23337** AMOUNT **$350.00** APPLYING IFP _____ JUDGE _____ MAG JUDGE _____
**02-22-11**

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS023337
Cashier ID: nsiefken
Transaction Date: 02/22/2011
Payer Name: RAPID LEGAL
----------------------------------
CIVIL FILING FEE
 For: MITCHELL V ZOLA ET AL
 Case/Party: D-CAS-3-11-CV-000365-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 34714
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```